# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE SCOTT BARRON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. ED CV 16-00794 AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

## I.
## BACKGROUND

Plaintiff Leslie Scott Barron filed his application for disability benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Social Security Act on September 27, 2010. After denial on initial review of an Administrative Law Judge's decision dated July 26, 2013[1], the Appeals Council remanded the matter, and a hearing took place before a different

---

[1] That Administrative Law Judge had previously found Plaintiff not disabled in a decision dated September 12, 2012, which was appealed and remanded by the Appeals Council.

Administrative Law Judge (ALJ) on November 24, 2014. In a decision dated January 15, 2015, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act for the period from September 12, 2010 through the date of the decision. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated February 26, 2016. Plaintiff filed the Complaint herein on April 25, 2016, seeking review of the Commissioner's denial of his application for benefits.

In accordance with the Court's Order Re: Procedures in Social Security Appeal, Plaintiff filed a memorandum in support of the complaint on November 14, 2016 ("Pl. Mem."), and the Commissioner filed a memorandum in support of her answer on January 4, 2017 ("Def. Mem."). Plaintiff did not file a reply. This matter now is ready for decision. [2]

## II.

## DISPUTED ISSUES

As reflected in the parties' memoranda, the disputed issues are as follows:

(1)  Whether the ALJ erred in reliance on the testimony of the vocational expert ("VE") in determining Plaintiff could perform other work.

2)  Whether the ALJ's residual functional capacity findings are incomplete.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See*

---

[2]  The decision in this case is being made based on the pleadings, the administrative record ("AR"), the parties' memoranda in support of their pleadings.

2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV.
## FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim

is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V.

## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 12, 2010, the alleged onset date. (AR 24.) At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus; obesity; carpal tunnel syndrome; degenerative disc disease of the cervical and lumbar spine; obstructive sleep apnea; hypertension; and gastroesophageal reflux disease. (*Id*.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 28.) At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(b) except:

> [Plaintiff] can occasionally use foot controls; can occasionally perform postural activities; but cannot climb ladders, ropes, or scaffolds; should avoid hazards; should avoid concentrated exposure to extremes of temperature or vibration; can perform occasional pushing or pulling with the bilateral upper extremities; can perform occasional overhead reaching with the right upper extremity and cannot reach above shoulder level with the left upper extremity, otherwise limited to frequent reaching in all other directions as well as frequent

manipulation; should avoid extremes of neck motion; requires a cane for ambulation; requires a sit-stand option based upon his testimony of the need to stand or walk for about 10 to 15 minutes after sitting for about 20 minutes, as well as the need to sit for about 10 to 15 minutes after standing or walking for about 10 to 15 minutes; and limited to unskilled work secondary to pain. (AR 28.)

Finally, at step five, based on the VE's testimony, the ALJ concluded that Plaintiff could not perform his past relevant work, but based on Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy (information clerk, small products assembler and counter clerk) that Plaintiff can perform. (AR 40-41.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act from September 12, 2010 through the date of the decision. (AR 41.)

## VI.

## DISCUSSION

### Issue 1: The ALJ's reliance on testimony of the VE.

At step five of the sequential evaluation process, "the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The Dictionary of Occupational Titles ("DOT") is the Commissioner's "primary source of reliable job information" and creates a rebuttal presumption as to a job classification. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 n.6, 1435 (9th Cir. 1995); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). Where, as here, the testimony of a VE is used at step five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy.

5

*See Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2001); *Burkhart v. Bowen*, 856 F.2d 1335, 1340 n.3 (9th Cir. 1988); 20 C.F.R. §§ 404.1566(b), 416.966(b).

In the present case, the dispute focuses on the restriction in the RFC of the need to alternate between sitting and standing approximately every 10 to 20 minutes[3], referred to as a "sit/stand option." Plaintiff contends that the sit/stand option in the RFC conflicts with the DOT description for the jobs of information clerk, small products assembler, and counter clerk and that the ALJ erred by not eliciting a reasonable explanation from the VE for the deviation under Social Security Ruling (SSR) 00-4p. The Commissioner, in response, argues that there is no conflict with the DOT because the DOT is silent on this "sit/stand option" and that the ALJ satisfied SSR 00-4p by verifying that with the VE that there was no conflict with the DOT. For the reasons set forth below, the Court finds that the ALJ did not err in his reliance on the VE.

The ALJ here asked the VE whether a person with the limitations of the RFC, including the sit/stand option, could perform work in the national economy. In response, the VE testified that the hypothetical individual could perform the jobs of an information clerk (DOT 237.367-018), small products assembler (DOT 706.684-022), and counter clerk (DOT 249.366-010). (AR 81-83.) The VE testified that there would be no erosion to the job numbers if the person needed to use a cane. (AR 82-83.) And when asked if there were "conflicts with the DOT," the VE testified "No." (AR 83.) Relying on the VE's testimony, the ALJ found that Plaintiff could perform a significant number of jobs in the national economy and was not disabled. (AR 40-41.)

---

[3] The RFC states: "he requires a sit-stand option based upon his testimony of the need to stand or walk for about 10 to 15 minutes after sitting for about 20 minutes, as well as the need to sit for about 10 to 15 minutes after standing or walking for 10 to 15 minutes . . . ." (AR 28.)

6

Under Ninth Circuit law interpreting SSR 00-4p, an ALJ (i) must ask a VE if the evidence he or she is providing is consistent with the DOT and (ii) must "obtain a reasonable explanation for any apparent conflict." *See Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). In the present case, the ALJ complied with the first requirement by asking the VE whether there were any conflicts with the DOT and receiving the VE's answer that there were none. Plaintiff agrees that the DOT descriptions do not expressly address the need for the sit/stand option. (*See* Pl. Mem. at 7 ("The DOT does not discuss the availability of an option to alternate positions.").) Plaintiff nevertheless contends that the ALJ was required to obtain a reasonable explanation of an apparent conflict between the VE's opinion and the DOT. Thus, the issue is whether a conflict existed that required an explanation from the VE ─ despite the DOT's silence on the sit/stand option.

The recent Ninth Circuit decision in *Gutierrez v. Colvin*, 844 F.3d 804 (9th Cir. 2016), discussed the approach for determining whether a conflict exists between VE testimony and the DOT: "For a difference between an expert's testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent. This means that the testimony must be at odds with the [DOT's] listing of job requirements that are essential, integral or expected. . . . [W]here the job itself is a familiar one ─ like cashiering ─ less scrutiny by the ALJ is required." *Id*. at 808. In *Gutierrez*, the DOT description for a cashier stated that the job required frequent reaching, but the RFC did not permit lifting of the right arm above shoulder. In holding that there was no apparent or obvious conflict, the Ninth Circuit looked at the type of duties listed in the DOT description, applied common knowledge regarding the normal work of a cashier, and concluded that the typical cashier did not need to reach overhead frequently: "[A]n ALJ must ask follow up questions of a vocational expert when the expert's testimony is either obviously or apparently contrary to the [DOT], but the obligation doesn't extend to unlikely situation or circumstances. . . . Given how uncommon it is for most

7

cashiers to have to reach overhead, we conclude that there was no apparent or obvious conflict between the expert's testimony and the [DOT]." *Id.*

*Gutierrez*, however, did not address whether the DOT's silence on a sit/stand option is in obvious or apparent conflict with a VE's testimony that a person requiring a sit/stand option can perform a particular job. Indeed, there is no controlling Ninth Circuit authority on this question, although a number of unpublished decisions have addressed it. *See Manley v. Colvin*, 2016 WL 7191541 at *3-4 (C.D. Cal. Dec. 12, 2016) (discussing cases). For example, *Dewey v. Colvin*, 650 Fed. Appx. 512 (9th Cir. 2016), recently held that there was no conflict where the DOT was silent on whether the particular jobs in question allowed for a sit/stand option and the testimony of the VE indicated that claimant (who required a sit/stand option) could perform those jobs.

Here, the Court likewise concludes that there is not an apparent or obvious conflict between the pertinent DOT descriptions and the requirement that Plaintiff needs to stand or stretch at least ten percent of the day. The duties of an information clerk (DOT 237.367-018) include providing travel information, answering questions, describing routes and services, and quoting trip rates and discounts. *See* 1991 WL 672187. In the language of *Gutierrez,* the "essential, integral or expected" requirements of this job would not prevent the required alternating sit/stand option. The same is true for small products assembler (DOT 706.684-022)[4] and counter clerk (DOT 249.366-010)[5]. The essential, integral or expected requirements of these job duties do not prevent Plaintiff from changing his sitting and standing as needed. It would be a very unlikely or uncommon

---

[4] The duties of small products assembler include repetitive tasks on an assembly line to mass produce small products and preparing machines to perform fastening, fitting or cutting operations. *See* 1991 WL 679050.

[5] The duties of counter clerk include receiving film for processing, loading film into processing equipment, collecting payments, answering customer questions, filing film, using a cash register, and selling photo supplies. *See* 1991 WL 672323.

circumstance where an information clerk, small parts assembler or counter clerk could not alternate between standing and sitting as required in the RFC.[6]

Finally, the Court finds persuasive the reasoning of *Laufenberg v. Colvin*, 2016 WL 6989756 at *9 (C.D. Cal. Nov. 29, 2016), that to hold a conflict exists in circumstances such as these "would mean that VEs always create conflicts with the DOT whenever they mention any of the multitude of things about a job not expressly addressed in the DOT." No controlling authority requires a finding of that type of conflict.

In sum, the Court concludes that there was not an obvious or apparent conflict between the VE's testimony and the DOT descriptions for information clerk, small products assembler and counter clerk. Accordingly, the ALJ was not required to ask the VE to provide an explanation of any deviation from the DOT, and there was no error in the ALJ's reliance on the VE's testimony in making the step five determination of other work that Plaintiff could perform.

**Issue 2: Alleged ambiguity in the RFC.**

Plaintiff contends that the ALJ's RFC finding is ambiguous and incomplete because the RFC does not the state the total amount of standing and walking that the Plaintiff could do in an 8-hour day. The Court disagrees. The ALJ's RFC provides that Plaintiff has the capacity "to perform light work . . . ." (AR 28.) The parties agree that the definition of light work applies over an 8-hour workday. (*See* Pl. Mem. at n.3, citing SSR 83-10; Def. Mem. at 8.) Under the applicable Social Security Ruling, light work requires "a good deal of walking or standing [and] requires being on one's feet up to two-thirds of a workday." SSR 83-10. The Ruling further states that the "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8 hour workday." (*Id.*) The RFC here provides certain limits to the light work capacity (so that it is not at the

---

[6] The Court also notes that occupations in question are relatively familiar jobs, thereby requiring less scrutiny by the ALJ. *See Gutierrez*, 844 F.3d at 807.

"full range"), including that of sitting for 10 to 15 minutes after standing or walking for 10 to 15 minutes. Within the range of that sit/stand option, a person could sit for 10 minutes after every 15 minutes of standing or walking. Put otherwise, there could be approximately 33% sitting and 66% standing or walking over an 8-hour day. That meets the requirement of a "good deal of standing or walking" and would be distinguished from sedentary jobs "performed primarily in a seated position . . . ." SSR 83-10. The ALJ accurately and unambiguously recited these limitations — which came from Plaintiff's standing and walking capabilities — in the RFC and in the questions to the VE, and the VE's testimony identified three occupations that a person could do under those limitations based on descriptions in the DOT. That was not error.

       \*     \*     \*     \*

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED:   January 31, 2017

*[signature]*

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE